HOUSTON, Justice.
Morgan County appeals a summary judgment in favor of Spencer D. Jones and Jones Fence Enterprises, Inc. (hereinafter, collectively “Jones”), regarding the validity of certain tax assessments under the “withdrawal” provision contained in Ala. Code 1975, § 40-23-l(a)(10). We affirm.
This case concerns only transactions from July 1988 to April 1991. During that period, Jones operated, in Morgan County, a warehouse and retail sales outlet from which Jones would not only sell fence ma *1064 terials, but also set up “furnish-and-install” contracts, by which inventory maintained in Morgan County was withdrawn to be installed by Jones in other counties.
Jones worked under a “dual status” license, obtained from the Alabama Department of Revenue (“the Department”), which allowed Jones to purchase the fence materials wholesale, with sales tax being applied when the materials were sold. As Jones would perform furnish-and-install contracts in other counties, the proper amount of sales tax was paid to those counties — not to Morgan County, where the materials were withdrawn. The dispute in this case is, essentially, whether the sales tax paid on materials used in these contracts should be paid to the county where the materials were installed or to Morgan County, the county where the materials were withdrawn from inventory.
Following an audit of Jones’s business transactions, the Department determined that Jones owed taxes to the Department and to Morgan County. After a hearing, at which the assessments against Jones were made final, Jones appealed the final assessments to the Department’s Administrative Law Division, but the assessments were upheld. Jones then paid the assessed tax liability and appealed to the Morgan County Circuit Court.
The circuit court granted Jones’s motion for summary judgment and ordered a refund of the assessed taxes paid by Jones. The court held that while, under § 40-23-l(a)(10), the withdrawals from Jones’s Morgan County inventory would constitute a “sale,” so that sales tax should be assessed at the time and place of the withdrawal, the confusion surrounding the interpretation of § 40-23-l(a)(10), as described in our opinion in Ex parte Sizemore, 605 So.2d 1221 (Ala.1992), required the court to set aside the tax assessments. The circuit court wrote:
“Notwithstanding the Court’s findings and conclusions about the applicability of the withdrawal provision to Jones’s furnish-and-install transactions at issue, the holding in Ex parte Sizemore raises one last question: should the taxpayer be penalized for the confusion which surrounded the meaning of the withdrawal provision of § 40-23-l(a)(10) between 1983 and 1992? In Sizemore the Supreme Court agreed that the law regarding the withdrawal provision was unclear. Even though it adjudicated the substantive legal issues against the taxpayer, the Court decided not to penalize the taxpayer because of the confusion in this area of the sales tax law. It gave its ruling prospective application only and ordered [that] the taxpayer [was entitled] to receive [a] refund from the [Department].
“The disputed transactions in Size-more occurred between October 1, 1986, and April 30, 1989. The sales tax assessments against Jones in this ease arose from transactions that occurred during the period of July 1, 1988, through April 30, 1991. In both instances the disputed transactions took place after the 1986 amendment to § 40-23-l(a)(10) and before the law concerning the withdrawal provision was clarified by the Supreme Court in its September 1992 Ex parte Sizemore opinion. Although the administrative and judicial proceedings in the case at bar have been drawn out for several years, should Jones not receive the same benefit accorded to [the publisher of] The Dothan Progress by the Supreme Court in Ex parte Sizemore? There is no evidence that Jones knew more about how the law would be interpreted in 1992 than The Dothan Progress did. There are no other culpability factors which warrant a distinction in the treatment received by the two. The transactions at issue ran almost parallel during a period of time when confusion reigned over the application of the withdrawal provision. As the Administrative Law Judge concluded in his Judgment, Jones clearly attempted in good faith to properly pay all applicable State and local sales taxes during *1065 the audit period. In conclusion, this Court can discern no legal or logical reason why the Supreme Court, if presented with the issues in this case, would treat Jones differently from The Dothan Progress. If the latter taxpayer was not to be penalized and was allowed its refund, then Jones is entitled to the same result as a matter of fact and law.”
We agree with the reasoning of the trial court. Section 40-23-l(a)(10) certainly related to Jones’s furnish-and-install contracts. That section read (during the period 1988 to 1991), in pertinent part:
“SALE AT RETAIL OR RETAIL SALE.... The term ‘sale at retail’ or ‘retail sale’ shall also mean and include the withdrawal, use, or consumption of any tangible personal property by any one who purchases same at wholesale .... ”
See Ala. Acts 1986, Act No. 86-689.
Morgan County’s attempts to distinguish this case from Sizemore are unpersuasive. Morgan County argues, however, that the Department’s Regulation 810-6-1-66(2) denies Jones any reliance on Sizemore. That regulation, which was in effect during the period at issue, provided:
“In case a vendor or manufacturer of fencing materials is both selling materials to others for installation by them and furnishing and installing the materials under contract all purchases of fencing materials are at wholesale, tax free. Thereafter, both sales to others and withdrawals for use under installation contracts are to be reported as taxable sales to the Department of Revenue.”
While this regulation does tell us that these “withdrawals” are taxable sales to be reported to the Department, the regulation does not give sufficient guidance concerning which county will ultimately receive the county sales tax when the installation contract is to be performed in a county other than the county where the inventory is maintained.
The trial court properly entered the summary judgment for Jones.
AFFIRMED.
HOOPER, C.J., and COOK, SEE, LYONS, BROWN, and JOHNSTONE, JJ., concur.
MADDOX, J., concurs in part and dissents in part.